IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNEDY McDOW,

       Petitioner,

v.                                                              CIV 07-0746 JB/KBM

STATE OF NEW MEXICO,
and GARY K., KING, Attorney
General for the State of New Mexico,

       Respondents.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Kennedy McDow's petition seeking habeas relief under 28 U.S.C. § 2254, which I recommend be dismissed for lack of jurisdiction for the reasons Respondents assert in their Answer.  *See Docs. 1, 4.*

In August 2004, a jury convicted Petitioner of false imprisonment and tampering with evidence, but acquitted him of all pending sexual penetration and intimidation of witness charges.  *See, e.g., Doc. 4,* Exh. A; *see also State v. McDow,* D-1215-CR-20030052 (the docket sheet is available in full at *www.nmcourts.com/ caselookup/* and is attached to these proposed findings).  He was sentenced to a total period of incarceration of three years followed by a mandatory parole term of

one year, and given credit for almost a year and a half of presentence confinement.
*See, e.g., Doc. 4*, Exh. B.  His attorneys then pursued an unsuccessful direct appeal
that concluded in January 2006 when the New Mexico Supreme Court denied
certiorari.   *See id.,* Exhs. G-J.

In March 2006, Petitioner was released from jail in New Mexico.  McDow
evidently then moved to California, and his parole was supervised there.  *See id.,*
Exhs. L, Q, R.  Beginning in October 2006, he attempted to initiate further
proceedings in the New Mexico state district court from his home in California.
*See id.,* Exh. K (last page lists address at a P.O. Box in Atwater California, the same
address listed on the federal habeas petition).[1]  Those efforts culminated in a
February 2, 2007 order rejecting the tendered state habeas petition on the grounds
McDow was "no longer incarcerated [in] nor under restraint [by] the State of New
Mexico."  *Id.*  The court filed the tendered petition three days after the judge's
order, on February 5, 2007.  *Id.*, Exh. K; *see also State v. McDow,* D-1215-CR-

---

[1]  There is a federal prison facility in Atwater California, but McDow is not incarcerated
there.  *See www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=atw;
www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastNa
me=McDow&Middle=&FirstName=Kennedy&Race=U&Sex=U&Age=&x=0&y=0.*

The State of California Department of Corrections does not list a facility in Atwater for
community correctional facilities, *see www.cdcr.ca.gov/Visitors/Facilities/CommCorrFacilities/
CCF.html,* or for state-run adult facilities, *see www.cdcr.ca.gov/Visitors/Facilities/index.html.*

20030052 (docket sheet entries: 10/16/06 Motion for free process filed; 1/16/07

"RPN" motion for petition to reopen, motion for free process; 2/2/07 "CLS order

petition/mtn denied;" 2/5/07 "Petition (Non-opening) for writ of habeas corpus");

*Doc. 1* at 16 (recounting state filings).

February 5, 2007 is the same date that New Mexico released McDow from

parole. See Doc. 4, Exh. Q. On March 2, 2007, the New Mexico Parole Board

signed a certificate of parole discharge and sent it to the California authorities ten

days later. *See id.,* Exh. R. California finally released McDow from all supervision

on March 23, 2007. *See Doc. 1* at 16 ("Respondent is in error on point counts. I

was not discharged from parole till March 23[,] 2007. California Parole office

could not release me till they received a Certificate of Parole Discharge.").

Meanwhile, McDow petitioned the New Mexico Supreme Court for relief

from the district court's denial of his state petition. It ordered briefing on whether

McDow was in custody for state habeas purposes, and then denied review without

comment on May 11, 2007. *See Doc. 4,* Exhs. M-P. The federal petition followed

in early June 2007, but was sent to the Court's old address and not finally filed until

August 2007. *See Doc. 1* (and attachments thereto showing attempted and

returned mail to U.S. District Court in Albuquerque).

Section 2254 requires that the petitioner be "in custody" under the

3

challenged conviction or sentence, and the "in custody" requirement is determined as of the time the federal petition is filed. *E.g., Maleng v. Cook,* 490 U.S. 488, 490-91(1989). It is undisputed that by the time the state proceedings concluded and attempts were made to file the federal petition, McDow was no longer on parole. As such, this Court has no jurisdiction to entertain the federal petition. It is thus irrelevant whether the state courts were correct in their assessment of his custodial status for state habeas purposes. *See, e.g., Mavrovich v. Kansas,* 56 Fed. Appx. 451, 452 (10th Cir. 2003) (in custody requirement for federal purposes is jurisdictional and determined at time federal petition was filed, not status of petitioner while state proceedings were pending; no jurisdiction if petitioner is not incarcerated, on parole, or on probation when federal petition filed).

Furthermore, this is not a situation where "collateral consequences" of a conviction will keep a federal habeas action from becoming moot. That occurs when the petitioner is in custody at the time of filing, but during the course of federal proceedings is released. *E.g., Spencer v. Kemna,* 523 U.S. 1, 14 (1998); *Carafas v. LaVallee,* 391 U.S. 234, 237-38(1968). If, as here, there is no jurisdiction at the outset, the mootness doctrine is inapplicable:

> [Appellant contended] that it was error to dismiss the habeas petition as moot, as they continue to face collateral consequences arising from the removal order.

4

> The basis for the dismissal was not mootness, however; instead, the court found that it lacked jurisdiction at the inception of the litigation because Rodela was not in custody at the time he filed his habeas petition. If Rodela had been in custody at the time he filed his habeas petition, his deportation after the petition was filed – and the concomitant release from custody – might not have rendered the petition moot. . . . So far as the record reveals, however, Rodela was discharged from custody before his petition reached the courthouse. Because Rodela was not in custody at the moment his habeas petition was filed, the district court properly dismissed the petition for lack of jurisdiction.

*Rodela v. Comfort,* 118 Fed. Appx. 358, 359-60 (10th Cir. 2004). Further "[i]t has long been settled in [the Tenth] circuit that federal courts have no jurisdiction to issue writs of *coram nobis* with respect to state criminal judgments." *Davis v. Roberts,* 425 F.3d 830, 836 (10th Cir. 2005).

Wherefore,

IT IS HEREBY RECOMMENDED that the § 2254 petition be dismissed with prejudice for lack of jurisdiction.

---

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

---

_____
UNITED STATES MAGISTRATE JUDGE